1  BOTTINI & BOTTINI, INC.
   Francis A. Bottini, Jr. (SBN 175783)
2  Albert Y. Chang (SBN 296065)
   Yury A. Kolesnikov (SBN 271173)
3  7817 Ivanhoe Avenue, Suite 102
   La Jolla, California  92037
4  Telephone:    (858) 914-2001
   Facsimile:    (858) 914-2002
5  E-mail:       fbottini@bottinilaw.com
                 achang@bottinilaw.com
6                ykolesnikov@bottinilaw.com

7  *Attorneys for Plaintiffs and Interested Parties Joe*
   *Baker, Carl Hayner, and Ken Morris*

8

9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLE LEE GREENBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN INC., *et al.*,<br><br>Defendants. | Case No.: 3:16-cv-2480-CRB<br><br>Removed Actions:<br>Case No. 3:16-cv-2566-HSG (*Pytel*)<br>Case No. 3:16-cv-2568-EMC (*Baker*)<br>Case No. 3:16-cv-2569-EMC (*Brown*)<br>Case No. 3:16-cv-2570-WHA (*Cohen*)<br>Case No. 5:16-cv-2572-LHK (*Mancy*)<br>Case No. 5:16-cv-2573-LHK (*Nunez*)<br><br>**PLAINTIFFS JOE BAKER, CARL HAYNER, AND KEN MORRIS'S OPPOSITION TO SUNRUN DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [DKT. NO. 9]**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:   6, 17th Floor |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs and Interested Parties Joe Baker, Carl Hayner, and Ken Morris — plaintiffs in *Baker v. Sunrun, Inc.*, No. 3:16-cv-2658-EMC ("*Baker* Action") — without conceding this Court's or any federal court's jurisdiction over their action, file this response and opposition to Sunrun Defendants' Administrative Motion to Consider Whether Cases Should Be Related ("Administrative Motion").[1]

## I.   INTRODUCTION

On May 12, 2016, the Sunrun Defendants improperly removed six actions that were initially filed in the Superior Court of California, County of San Mateo ("Removed Actions") and that assert exclusively non-fraud claims under §§ 11, 12, and 15 of the Securities Act of 1933 ("Securities Act").[2]   The Sunrun Defendants' removal was contrary to the Securities Act's express bar on removal of such actions, and Plaintiffs in the Removed Actions either have moved or are intending to promptly move to remand.  Indeed, for years now, the uniform consensus of the judges who have considered this issue in the Northern District of California — as well as judges elsewhere in the Ninth Circuit and in other circuits — has been that the Securities Act *strictly forbids* the removal of cases like this one that allege *only* claims under the Securities Act.  These courts have also concluded, time and again, that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") on which the Sunrun Defendants mistakenly rely — did *not* eliminate concurrent state-court jurisdiction over actions alleging solely Securities Act claims.

In light of the foregoing threshold jurisdictional issue, the Sunrun Defendants' administrative motion to relate the six Removed Actions to *Greenberg v. Sunrun Inc.*, No. 3:16-cv-2480-CRB (filed May 6, 2016) ("*Greenberg* Action"), is improper.  The *Greenberg* Action was

---

[1] The "Sunrun Defendants" are Sunrun Inc. ("Sunrun"), Lynn Jurich, Bob Komin, Edward Fenster, Jameson McJunkin, Gerald Risk, Steve Vassallo, Richard Wong, Beau Peelle, Eren Omer Atesmen, Reginald Norris, William Elmore, Foundation Capital VI, L.P., and Foundation Capital Management Co. VI, LLC.  Unless otherwise noted, all citations and internal quotation marks have been omitted, and all emphasis has been added.

[2] The six Removed Actions are:  *Pytel v. Sunrun Inc.*, No. 3:16-cv-2566-HSG (filed Apr. 13, 2016); *Baker v. Sunrun Inc.*, No. 3:16-cv-2568-EMC (filed Apr. 29, 2016); *Brown v. Sunrun Inc.*, No. 3:16-cv-2569-EMC (filed Apr. 22, 2016); *Cohen v. Sunrun Inc.*, No. 3:16-cv-2570-WHA (filed Apr. 21, 2016); *Mancy v. Sunrun Inc.*, No. 5:16-cv-2572-LHK (filed Apr. 21, 2016); and *Nunez v. Sunrun Inc.*, No. 5:16-cv-2573-LHK (filed May 10, 2016).

1

filed in federal court and, thus, does *not* pose the threshold jurisdictional issue of whether the removal was improper and whether this Court and any other federal court lacks jurisdiction and must remand.  Under similar circumstances, the Honorable Claudia Wilken in *Toth v. Envivio, Inc.* concluded that relating the removed actions to the non-removed actions would *not* avoid any "duplication of labor and expense or conflicting results" or achieve the efficiencies sought by Civil Local Rule 3-12(a).  *See* No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 147569, at *8 (N.D. Cal. Oct. 11, 2013) (granting motions to remand and denying administrative motion to relate).

As the Sunrun Defendants concede, Plaintiffs Baker, Hayner, and Morris ("*Baker* Plaintiffs") promptly advised the Sunrun Defendants of the impropriety of relating the Removed Actions and the *Greenberg* Action *prior to* the time the Administrative Motion was filed.  *See* Amended Webb Decl., Dkt. No. 12, at ¶ 6.  Moreover, counsel for the *Baker* Plaintiffs was in the process of providing comments on the Sunrun Defendants' proposed administrative motion, when the Sunrun Defendants filed the present motion without any notice.  Had the Sunrun Defendants waited to receive the *Baker* Plaintiffs' suggested edits to the administrative motion, the parties and the Court could have avoided the unnecessary delay caused by the filing of this misguided motion.

In sum, the jurisdictional questions in the Removed Actions should be decided promptly by the Honorable Haywood S. Gilliam, Jr., who is presiding over the lowest-numbered Removed Action, *see Pytel v. Sunrun Inc.*, No. 3:16-CV-2566-HSG, while this Court, unhindered by any such jurisdictional disputes, can proceed with the merits of the *Greenberg* Action.  Accordingly, because the Removed Actions and the *Greenberg* Action are not related for purposes of Civil Local Rule 3-12(a), the Court should deny the Administrative Motion.

## II.    ARGUMENT

The Sunrun Defendants erroneously suggest that the Removed Actions and the *Greenberg* Action are "related" for purposes of Civil Local Rule 3-12(a).  They are not.

Under Civil Local Rule 3-12(a), an action is related to another when:  (1) "The actions concern substantially the same parties, property, transaction or event"; **and** (2) "It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Thus, *both prongs* must be met for an action to

be a "related" action.  *See, e.g., Lusby v. Gamestop, Inc.*, No. C 11-5361 WHA, 2012 U.S. Dist. LEXIS 145395, at **1–2 (N.D. Cal. Oct. 9, 2012) (Alsup, J.) (noting that Civil Local Rule 3-12(a) "requires *both* substantial similarity and a showing of 'unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges,'" and finding cases not related where the second prong was not met); *Carlyle Fortran Trust v. NVIDIA Corp.*, No. C 05-0427 JW, 2008 U.S. Dist. LEXIS 88910, at *4 (N.D. Cal. Oct. 24, 2008) (Ware, J.) (declining to relate cases where there was "little possibility of 'unduly burdensome duplication of labor . . . or conflicting results'").  Here, although the first prong is likely satisfied, the second prong is not.

The second prong is not satisfied because the Removed Actions require the prompt resolution of the pending and upcoming motions to remand, which raise the threshold jurisdictional issue of whether the Removed Actions were improperly removed in violation of the Securities Act's express bar on removal — an issue that is *not* present in the non-removed *Greenberg* Action.  *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (noting that "[w]ithout jurisdiction the court cannot proceed at all in any cause" and, on that basis, concluding that "the first and fundamental question" that the court must decide "is that of jurisdiction").  Here, because the pending and upcoming motions to remand need to be resolved promptly and will most likely result in the Removed Actions being remanded to the state court, relation of the Removed Actions to the *Greenberg* Action would not avoid any "duplication of labor and expense or conflicting results," which is the goal of Civil Local Rule 3-12(a).

Under similar circumstances, Judge Wilken in *Toth* concluded that the removed actions in which the federal court's jurisdiction was disputed should not be related to actions originally filed in federal court.  *See* 2013 U.S. Dist. LEXIS 147569, at *8.  In *Toth*, several plaintiffs similarly filed class actions in the San Mateo Superior Court asserting violations of the Securities Act.  *Id.* at *2.  Defendants removed the actions, arguing the Securities Act, as amended, permitted removal.  *Id.*  Plaintiffs moved to remand, arguing the Securities Act barred removal.  *Id.*  In addition, plaintiffs filed an administrative motion to relate to the removed actions "another putative class action" filed against the defendants in this District.  *Id.* at *8.  Judge Wilken granted plaintiffs' motion to remand, but denied the administrative motion to relate, explaining:

Civil Local Rule 3-12(a) provides that two actions may be related when both "actions concern substantially the same parties, property, transaction or event" and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Because the instant case will be remanded to state court and this Court has not considered the merits of the underlying dispute, relating these cases will not avoid any "duplication of labor and expense or conflicting results."  The issues addressed in this remand order are unlikely to arise in *Thomas* because that case was filed originally in federal court.  Accordingly, the motion to relate is denied.

*Id.*  The same is true here.  Because the Removed Actions were improperly removed and must be promptly remanded, the judge determining the motions to remand need not consider the merits of the underlying dispute.  Thus, because no efficiencies would be achieved by relating the Removed Actions and the *Greenberg* Action, the Court should deny the Administrative Motion.

Indeed, that the Removed Actions were improperly removed is beyond dispute.  The Sunrun Defendants improperly displaced the Removed Actions to federal court on essentially the same flawed grounds as defendants in *Toth*.  Plaintiffs in all of the Removed Actions either have filed or will promptly file motions to remand.  As every single court in this District to have considered this issue since 2013 has concluded:  in cases such as this, which allege *only* federal claims under the Securities Act, the Securities Act's anti-removal provision, *see* 15 U.S.C. § 77v(a), bars removal.[3]

---

[3] *See Elec. Workers Local #357 v. Clovis Oncology, Inc.*, No. 16-cv-0933-EMC, 2016 U.S. Dist. LEXIS 60086, at **12–13 (N.D. Cal. May 5, 2016) (Chen, J.); *Badri v. TerraForm Global, Inc.*, No. 15-cv-6323-BLF, 2016 U.S. Dist. LEXIS 28127, at **5–9 (N.D. Cal. Mar. 3, 2016) (Freeman, J.); *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-5179-BLF, 2016 U.S. Dist. LEXIS 7444, at **9–10 (N.D. Cal. Jan. 20, 2016) (Freeman, J.); *Kerley v. MobileIron Inc.*, No. 15-cv-4416-VC, Dkt. No. 34, at *1 (N.D. Cal. Nov. 30, 2015) (Chhabria, J.); *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 U.S. Dist. LEXIS 143390, at *10 (N.D. Cal. Oct. 21, 2015) (Hamilton, J.); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, No. 15-cv-2512-HSG, 2015 U.S. Dist. LEXIS 115740, at **5–10 (N.D. Cal. Aug. 31, 2015) (Gilliam, Jr., J.); *Liu v. Xoom Corp.*, No. 15-cv-0602-LHK, 2015 U.S. Dist. LEXIS 82830, at **9–12 (N.D. Cal. June 25, 2015) (Koh, J.); *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-4516-WHO, 2015 U.S. Dist. LEXIS 1104, at *7 (N.D. Cal. Jan. 5, 2015) (Orrick, J.); *Desmarais v. Johnson*, No. 13-cv-3666-WHA, 2013 U.S. Dist. LEXIS 153165, at **8–9 (N.D. Cal. Oct. 22, 2013) (Alsup, J.); *Toth v. Envivio, Inc.*, No. 12-cv-5636-CW, 2013 U.S. Dist. LEXIS 151767, at *3 (N.D. Cal. Oct. 17, 2013) (Wilken, J.); *Toth*, 2013 U.S. Dist. LEXIS 147569, at **5–8; *Reyes v. Zynga, Inc.*, No. 12-cv-5065-JSW, 2013 U.S. Dist. LEXIS 146465, at *9 (N.D. Cal. Jan. 23, 2013) (White, J.); *Harper v. Smart Techs., Inc.*, No. 11-cv-5232-SBA, 2012 U.S. Dist. LEXIS 191130, at *13 (N.D. Cal. Sept. 28, 2012) (Armstrong J.); *Young v. Pac. Biosciences of Cal., Inc.*, Nos. 11-cv-5668-EJD & 11-cv-5669-EJD, 2012 U.S. Dist. LEXIS 33695, at *11 (N.D. Cal. Mar. 13, 2012) (Davila, J.).

1    As in *Toth*, relating the Removed Actions — all of which pose the threshold jurisdictional

2    issue of whether the removal was contrary to the Securities Act's express bar on removal — to the

3    *Greenberg* Action (in which this Court's jurisdiction is not in dispute) would *not* avoid any

4    "duplication of labor and expense or conflicting results."  *See* CIV. L.R. 3-12(a).  To the contrary, it

5    is likely to cause delay and introduce confusion.  Transferring the Removed Actions to this Court

6    will unnecessarily pile the actions before this Court, requiring this Court to keep track of which

7    actions are to be remanded and which may proceed on the merits.  Instead, the threshold

8    jurisdictional questions in the Removed Actions should be decided promptly by Judge Gilliam,

9    who is presiding over the lowest-numbered Removed Action, while this Court, unhindered by any

10   such jurisdictional disputes, can proceed with the merits of the *Greenberg* Action.

11   Accordingly, because the jurisdictional issues raised by the pending and forthcoming

12   motions to remand are unlikely to arise in the *Greenberg* Action, the Removed Actions should not

13   be related to the *Greenberg* Action.  *See Toth*, 2013 U.S. Dist. LEXIS 147569, at *8.

## III.    CONCLUSION

15   For the foregoing reasons, the *Baker* Plaintiffs respectfully request that the Court deny the

16   Sunrun Defendants' administrative motion to relate the Removed Actions and the *Greenberg*

17   Action.  Instead, the six Removed Actions should all be referred to Judge Gilliam, who is presiding

18   over the lowest-numbered Removed Action, *Pytel*, No. 3:16-CV-2566-HSG.

19   DATED:  May 19, 2016                             Respectfully submitted,

20                                                    BOTTINI & BOTTINI, INC.
                                                      Francis A. Bottini, Jr.
21                                                    Yury A. Kolesnikov

22                                                         s/ Francis A. Bottini, Jr.
                                                         _____
23                                                        Francis A. Bottini, Jr.

24                                                    7817 Ivanhoe Avenue, Suite 102
                                                      La Jolla, California  92037
25                                                    Telephone:  (858) 914-2001
                                                      Facsimile:   (858) 914-2002
26                                                    E-mail:      fbottini@bottinilaw.com
                                                                   ykolesnikov@bottinilaw.com
27
                                                      *Attorneys for Plaintiffs Joe Baker, Carl Hayner*
28                                                    *and Ken Morris*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Francis A. Bottini, Jr.
_____
Francis A. Bottini, Jr.

BAKER PLAINTIFFS' OPPOSITION TO SUNRUN DEFENDANTS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED        Case No. 3:16-cv-2480-CRB