1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JAMES I. JACONETTE (179565)
3  RACHEL L. JENSEN (211456)
   600 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone:  619/231-1058
5  619/231-7423 (fax)

6  COTCHETT, PITRE & McCARTHY, LLP
   MARK C. MOLUMPHY (168009)
7  ALEXANDRA P. SUMMER (266485)
   San Francisco Airport Office Center
8  840 Malcolm Road, Suite 200
   Burlingame, CA  94010
9  Telephone:  650/697-6000
   650/697-0577 (fax)

10 Co-Lead Counsel and Liaison Counsel for the State-Court Plaintiffs

11            UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

             SAN FRANCISCO DIVISION
13
   CAROLE LEE GREENBERG, Individually      )  Case No. 3:16-cv-2480-CRB
14 and on Behalf of All Others Similarly Situated, )
                                           )  SPECIALLY-APPEARING STATE-COURT
15                          Plaintiff,      )  PLAINTIFFS' OPPOSITION TO MOTION
                                           )  TO STAY DISCOVERY IN THEIR SAN
16        vs.                               )  MATEO COUNTY SUPERIOR COURT
                                           )  ACTIONS
17 SUNRUN INC., LYNN JURICH, BOB           )
   KOMIN, EDWARD FENSTER, JAMESON          )
18 MCJUNKIN, GERALD RISK, STEVE            )  DATE:      May 12, 2017
   VASSALLO, RICHARD WONG, CREDIT          )  TIME:      10:00 a.m.
19 SUISSE SECURITIES (USA) LLC,            )  CTRM:      6 – 17th Floor
   GOLDMAN, SACHS & CO., MORGAN            )  JUDGE:     Hon. Charles R. Breyer
20 STANLEY & CO. LLC, MERRILL LYNCH,       )
   PIERCE, FENNER & SMITH                  )
21 INCORPORATED, RBC CAPITAL               )
   MARKETS, LLC, KEYBANC CAPITAL           )
22 MARKETS INC., and SUNTRUST              )
   ROBINSON HUMPHREY, INC.,                )
23                                          )
                            Defendants.     )
24 _____ )

25

26

27

28

1255635_2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF RELEVANT FACTS ...........................................................2

      A.    The State Court Actions...........................................................................2

            1.    Removal and Remand ....................................................................2

            2.    Demurrer Stage ..............................................................................3

            3.    Discovery .......................................................................................3

            4.    Protective Order ............................................................................4

            5.    Motions to Stay .............................................................................5

      B.    The *Greenberg* Action ...........................................................................5

III.  APPLICABLE LEGAL STANDARDS ............................................................5

IV.   ARGUMENT ....................................................................................................6

      A.    The Filing of the Notice of Appeal in the *Greenberg* Action Divested This
            Court of Jurisdiction over This Matter....................................................6

      B.    Defendants Seek an End Run Around this Court's Remand Order .........9

      C.    Defendants Have Not Carried Their Burden to Show a Stay Is Necessary
            in Aid of This Court's Jurisdiction or to Protect or Effectuate Its
            Judgments in the *Greenberg* Action ...................................................10

            1.    Defendants Have Not Demonstrated a Realistic Risk of
                  Circumvention in the Dismissed *Greenberg* Action..................11

            2.    Defendants Have Not Substantiated Their Claim of Burden as to
                  the Discovery in the State Court Actions....................................14

            3.    Any Overlap in the State Court Actions and *Greenberg* Action
                  Does Not Alone Justify a Stay ...................................................16

V.    CONCLUSION................................................................................................18

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
THEIR SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB          - i -

# TABLE OF AUTHORITIES

Page

CASES

*Britton v. Co-op Banking Grp.*,
  916 F.2d 1405 (9th Cir. 1990) ........................................................................8, 9

*Brown v. China Integrated Energy, Inc.*,
  No. CV 11-02559 MMM, 2012 U.S. Dist. LEXIS 47019
  (C.D. Cal. Apr. 2, 2012)................................................................... *passim*

*City of Austin Police Ret. Sys. v. ITT Educ. Servs.*,
  No. 1:04CV0380-DFH-TAB, 2005 WL 280345
  (S.D. Ind. Feb. 2, 2005) ........................................................................14, 16

*In re Crompton Corp. Sec. Litig.*,
  No. 3:03-CV-1293 (EBB),
  2005 WL 3797695 (D. Conn. July 28, 2003) ........................................................12

*Doe v. S.E.C.*,
  No. MC 11-80209 CRB, 2012 U.S. Dist. LEXIS 2850
  (N.D. Cal. Jan. 10, 2012) ........................................................................7

*Flanagan v. Arnaiz*,
  143 F.3d 540 (9th Cir. 1998) ........................................................................11

*Fraser v. Wuebbels*,
  No. 15-CV-06326-BLF, 2016 WL 827373
  (N.D. Cal. Mar. 3, 2016)........................................................................9

*Good v. De Lange*,
  No. 11cv2826 JAH (BGS), 2011 U.S. Dist. LEXIS 149412
  (S.D. Cal. Dec. 29, 2011)........................................................................12

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982)........................................................................6, 8

*Herring v. Clark*,
  No. 1:05-CV-00079-LJO-SMS-PC, 2011 WL 2433672
  (E.D. Cal. June 14, 2011)........................................................................15

*In re Adelphia Communs. Corp.*,
  293 B.R. 337 (Bankr. S.D.N.Y. 2003)........................................................................12

*In re Cardinal Health, Inc. Sec. Litig.*,
  365 F. Supp. 2d 866 (S.D. Ohio 2005) ........................................................................12, 13

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
THEIR SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB          - ii -

1

2                                                                                                    **Page**

3

*In re Cisco Sys., Inc. Sec. Litig.*,
   No. C 01-20418 JW, 2002 U.S. Dist. LEXIS 27953
   (N.D. Cal. Jan. 30, 2002) ...............................................................................6, 10, 11

*In re Countrywide Fin. Corp. Derivative Litig.*,
   542 F. Supp. 2d 1160 (C.D. Cal. 2008) ...............................................................12

*In re DOT Hill Sys. Corp. Sec. Litig.*,
   594 F. Supp. 2d 1150 (S.D. Cal. 2008)............................................................12, 13

*In re DPL Inc., Sec. Litig.*,
   247 F. Supp. 2d 946 (S.D. Ohio 2003) ................................................................12

*In re Gilead Scis. Sec. Litig.*,
   No. C 03-4999 MJJ, 2004 U.S. Dist. LEXIS 27309
   (N.D. Cal. Nov. 22, 2004)............................................................................ *passim*

*In re Regions Morgan Keegan Sec., Deriv. & ERISA Litig.*,
   No. 07-02830, 2010 WL 596444 (W.D. Tenn. Feb. 16, 2010)...............................6, 13, 15, 16

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
   No. 02-1335-B, 2003 WL 23830479
   (D.N.H. Jan. 29, 2003) ......................................................................................13

*Jenkins v. Pech*,
   No. 8:14CV41, 2015 WL 728305
   (D. Neb. Feb. 19, 2015) ....................................................................................14

*Moomjy v. HQ Sustainable Mar. Indus.*,
   No. C11-0726RSL, 2011 U.S. Dist. LEXIS 102434
   (W.D. Wash. Sept. 12, 2011) ........................................................................12, 15

*Natural Res. Def. Council v. Southwest Marine, Inc.*,
   242 F.3d 1163 (9th Cir. 2001) .............................................................................8

*Newby v. Enron Corp.*,
   338 F.3d 467 (5th Cir. 2003) ..............................................................................12

*Paul v. China Mediaexpress Holdings, Inc.*,
   No. 6570-VCP, 2012 WL 28818 (Del. Ch. Jan. 5, 2012)..................................13, 16

*Schwartz v. TXU Corp.*,
   3:02-CV-2243-K, 2004 U.S. Dist. LEXIS 14782
   (N.D. Tex. July 30, 2004) ..................................................................................12

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
THEIR ACTIONS IN SAN MATEO COUNTY SUPERIOR COURT - 3:16-cv-2480-CRB            - iii -

**Page**

*Stein v. Wood*,
    127 F.3d 1187 (9th Cir. 1997) ...............................................................................8

*Sullivan v. Personalized Media Communs., LLC*,
    No. 16-mc-80183-MEJ, 2016 U.S. Dist. LEXIS 129090
    (N.D. Cal. Sept. 21, 2016) ..................................................................................14

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(b)(3)(D) ..............................................................................................2, 6
    §77z-1(b)(4) ....................................................................................................2, 6

Federal Rules of Appellate Procedure
    Rule 8..................................................................................................................7
    Rule 8(a)(1)(C)...................................................................................................7

**LEGISLATIVE AUTHORITIES**

Private Securities Litigation Reform Act of 1995 ....................................................13, 16

Securities Litigation Uniform Standards Act of 1998 .......................................... *passim*

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
THEIR ACTIONS IN SAN MATEO COUNTY SUPERIOR COURT - 3:16-cv-2480-CRB
                                                                                        - iv

Specially-appearing state-court plaintiffs Jeffrey L. Pytel, Joe Baker, Ken Morris, Carl Hayner, George Cohen, David Moss, Roxanne Xenakis, Michael Brown, Rebecca Loy, Greg Mancy, Jackie L. Nunez and Chaile Steinberg ("State-Court Plaintiffs") respectfully submit this opposition to Sunrun Inc. ("Sunrun"), Lynn Jurich, Bob Komin, Edward Fenster, Jameson McJunkin, Gerald Risk, Steve Vassallo, Richard Wong (together, the "Sunrun Defendants"), Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., Morgan Stanley & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., RBC Capital Markets, LLC, KeyBanc Capital Markets Inc., and SunTrust Robinson Humphreys, Inc.'s (together, "Underwriter Defendants") (collectively, "Defendants") Notice of Motion and Motion to Stay Discovery in State Actions ("Stay Motion") (Dkt. No. 83). [1]

## STATEMENT OF ISSUES TO BE DECIDED

(1)     Did this Court retain jurisdiction to adjudicate Defendants' motion even after it dismissed the *Greenberg* Action with prejudice and plaintiffs in that case filed a notice of appeal?

(2)     Have Defendants made a proper showing that the drastic step of staying discovery in *In re Sunrun, Inc. Shareholder Litigation*, No. CIV538215 (San Mateo Super. Ct.) ("State Court Actions") is ***necessary*** in aid of this Court's jurisdiction, or to protect or effectuate its judgments where the Court has already decided the motion to dismiss in the *Greenberg* Action?

Plaintiffs respectfully submit that the answers to both of these questions are no.

## I.     INTRODUCTION

This is not the first time that Defendants have invoked the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") in an attempt to derail the State Court Actions.  And this time is no more persuasive than the last.

On May 12, 2016, Defendants removed the State Court Actions from San Mateo Superior Court to this Court.  *See Pytel v. SunRun, Inc.*, No. 3:16-cv-2566-CRB (N.D. Cal.) (Dkt. No. 1)

---

[1]   "Dkt. No. __" refers to docket entries in *Greenberg v. Sunrun Inc.*, No. 3:16-cv-2480-CRB (N.D. Cal. filed May 6, 2016) (the "*Greenberg* Action"), unless otherwise noted.

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB                    - 1 -

("*Pytel* Dkt.").  On July 12, 2016, this Court remanded all six of the State Court Actions, over Defendants' objection that doing so would undermine SLUSA and circumvent the mandatory discovery stay in federal court.  *See, e.g.*, *Pytel* Dkt. No. 18 at vii & *Pytel* Dkt. No. 27.  Defendants' motion to stay discovery in the State Court Actions now relies on essentially the same argument, which has already been decided by this Court in favor of the State-Court Plaintiffs.

Since remanding the State Court Actions, this Court has now dismissed the *Greenberg* Action with prejudice.  Leaving aside whether this Court retained jurisdiction to hear Defendants' motion (which it did not), Defendants' motion falls far short of showing that the drastic step of staying discovery in the State Court Actions is "***necessary*** in aid of [this Court's] jurisdiction, or to protect or effectuate its judgments" where the Court has already decided the motion to dismiss and dismissed the case with prejudice.[2]  *See Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 MMM (PLAx), 2012 U.S. Dist. LEXIS 47019, at *22 (C.D. Cal. Apr. 2, 2012) (quoting 15 U.S.C. §§78u-4(b)(3)(D), 77z-1(b)(4)).  Allowing State-Court Plaintiffs to continue prosecuting their case apace poses no threat to this Court's authority to decide the *Greenberg* Action; it already has.

For the reasons stated below, the State-Court Plaintiffs respectfully request that the Court again reject Defendants' SLUSA-based arguments and allow them to continue diligently prosecuting their claims before the Honorable Marie S. Weiner, who is ably presiding over the cases.

## II.   STATEMENT OF RELEVANT FACTS

### A.   The State Court Actions

#### 1.   Removal and Remand

State-Court Plaintiffs filed the first State Court Action on April 13, 2016.  On May 12, 2016, certain defendants removed the case to this Court.  *See Pytel* Dkt. No. 1.  The State-Court Plaintiffs

---

[2]   Here, and throughout, emphasis is supplied and internal quotation marks and citations are omitted unless otherwise noted.

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB                                    - 2

moved to remand the cases on May 17, 2016.  *See, e.g.*, *Pytel* Dkt. No. 13.  On July 12, 2016, this Court remanded all six State Court Actions to San Mateo Superior Court.  *See Pytel* Dkt. No. 27.

### 2. Demurrer Stage

State-Court Plaintiffs filed their Consolidated Complaint for Violations of the Federal Securities Laws in the State Court Actions on October 17, 2016.  Defendants filed demurrers on November 14, 2016, and State-Court Plaintiffs opposed on December 7, 2016.  In a January 13, 2017 order, Judge Weiner overruled the demurrers of Sunrun, the individual defendants, and the Underwriter Defendants.  *See* Dkt. No. 84-5, Ex. 5 at 2-3.  The court sustained the demurrers of the selling stockholder defendants and venture capital defendants with leave to amend.  *See id.* at 2.  On April 4, 2017, the State-Court Plaintiffs filed their Amended Consolidated Complaint for Violations of the Federal Securities ("FAC") in the State Court Actions.  *See* Ex. 1.

### 3. Discovery

On January 9, 2017, the State-Court Plaintiffs served their First Set of Request for Production of Documents ("RFPs") on Defendants, requesting discrete categories of documents.  *See* Dkt. No. 84, Ex. 2.  The RFPs fall into the several categories pertaining to the claims and/or defenses in the State Court Actions.  *See id.*  On February 14, 2017, Defendants served 80-page Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents ("Responses"), asserting 33 General Objections, 18 Objections to Definitions, 7 Objections to Instructions, Objections to Form of Production, Objections to Relevant Period, and objections to each RFP individually.  *See* Ex. 2.  State-Court Plaintiffs have since propounded document requests on the other defendants.

After the parties met and conferred about the Responses, Defendants indicated that they would be willing to produce certain documents.  Defendant, Steve Vassallo and the Venture Capital Defendants have begun producing documents in the State Court Actions.  The parties were unable to

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB        - 3 -

resolve certain of their discovery disputes, however, so the State-Court Plaintiffs moved to compel on March 30, 2017.  *See* Ex. 3 (3/30/17 Letter to Judge Weiner).

On April 7, 2017, Judge Weiner held a discovery conference and case management conference.  *See* Ex. 4 (CMO#7 & Protective Order).  At that hearing, Judge Weiner ruled on certain of Defendants' objections, overruling them in some instances and sustaining them in others.  *See id.* at 3-4.  Judge Weiner directed the parties to continue meeting and conferring about discovery and set another discovery conference for April 21, 2017, to discuss any remaining disputes.  *Id.* at 3.

### 4.    Protective Order

The parties in the State Court Actions negotiated a protective order to govern their respective document productions.  *See* Ex. 3 at 11 (3/30/17 Letter to Judge Weiner).  As part of those negotiations, the State-Court Plaintiffs agreed to be bound by a protective order **precluding** any sharing of discovery with the federal plaintiffs.  *See* Ex. 5 at 38 (3/16/17 Pltfs' Opp. to Defs' *Ex Parte* App. to Stay Discovery & Jaconette Decl., Ex. 3).

On April 7, 2017, Judge Weiner entered a Protective Order in the State Court Actions.  *See* Ex. 4 at 12 (CMO#7 & Protective Order).  That Protective Order explicitly limits the use of any confidential or highly-confidential information produced or exchanged in the litigation "solely for the purpose of [the State Court Actions]" and forbids its use "for any commercial competitive, personal, or other purpose."  *See id.* at 14.  In addition, the Protective Order requires that any confidential or highly-confidential information submitted to "[i]n connection with discovery proceedings" or for any other purpose, including trial, be filed under seal unless the producing party waives that requirement in writing.  *See id.* at 16.  The Protective Order binds the parties even after the conclusion of the State Court Actions, and requires them to return or certify the destruction of protected information within 30 days of the State Court Actions' termination.  *See id.* at 19.

### 5.     Motions to Stay

On March 16, 2017, the Sunrun Defendants filed an *ex parte* application for an order temporarily staying discovery in the State Court Actions in light of this Court's order dismissing the *Greenberg* Action.  *See* Ex. 6.  Plaintiffs opposed their *ex parte* application.  *See* Ex. 5.  Judge Weiner denied the *ex parte* application without prejudice to filing a noticed motion.  *See id.*

On March 24, 2017, the Sunrun Defendants filed a motion to stay the State Court Actions pending resolution of the appeal in the *Greenberg* Action.  *See* Dkt. No. 84-8, Ex. 8.  Plaintiffs opposed on April 5, 2017.  *See* Ex. 7.  On April 12, 2017, the Sunrun Defendants filed their reply. *See* Ex. 9.  Judge Weiner will hear the motion to stay on April 21, 2017.  Ex. 8 at 1 (CMO#6).

### B.     The *Greenberg* Action

On May 6, 2016, **after** the first State Court Action was filed, a federal securities class action was filed by different plaintiffs and different plaintiffs' counsel against Sunrun, certain officers and directors, and underwriters.  *See* Dkt. No. 1.  The *Greenberg* plaintiffs filed a consolidated complaint on October 21, 2016, and the defendants in that action filed a motion to dismiss on November 28, 2016.  *See* Dkt. No. 60.

On February 9, 2017, this Court granted the defendants' motion to dismiss with prejudice, based on the allegations in the complaint filed in that action (which are not co-extensive with the State Court Actions, as explained further below).  *See* Dkt. Nos. 79, 80.  Plaintiffs in the *Greenberg* Action filed a notice of appeal on March 10, 2017.  *See* Dkt. No. 81.

On March 31, 2017, despite the fact that the *Greenberg* Action is now closed, and despite the fact that their motion to stay has not yet been decided in the State Court Actions, Defendants also moved this Court to stay discovery in the State-Court Plaintiffs' cases.  *See* Dkt. No. 83.

## III.     APPLICABLE LEGAL STANDARDS

A stay of discovery in a parallel state court action is not assumed under SLUSA.  Instead, such a stay is permitted only "as **necessary** in aid of [the federal district court's] jurisdiction, or to

1   protect or effectuate its judgments." *Brown*, 2012 U.S. Dist. LEXIS 47019, at *22 (quoting 15

2   U.S.C. §§ 78u-4(b)(3)(D), 77z-1(b)(4)); *see also In re Gilead Scis. Sec. Litig.*, No. C 03-4999 MJJ,

3   2004 U.S. Dist. LEXIS 27309, at *8 (N.D. Cal. Nov. 22, 2004) ("Defendants must show that the

4   Court's jurisdiction to hear a securities class action will be affected if a stay of state court discovery

5   is not granted."). Indeed, the dual protections of SLUSA are discrete: (1) avoiding an "unreasonable

6   burden on a defendant *before* disposition of a motion to dismiss"; and (2) precluding a *federal*

7   plaintiff from using discovery obtained from a state court action to "resuscitate a complaint that is

8   otherwise subject to dismissal." *Id.* at *7.

9

10      As one district court put it, no stay should be ordered absent a demonstration by defendants

11  that "no reasonable means exist to remedy [defendants'] concerns about the potential for discovery

12  sharing short of the drastic step of enjoining an ongoing state-court proceeding." *In re Regions*

13  *Morgan Keegan Sec.*, *Deriv. & ERISA Litig.*, No. 07-02830, 2010 WL 596444, at *5 (W.D. Tenn.

14  Feb. 16, 2010). Or as this District has put it, the moving defendants must demonstrate that the state

15  action "so interfere[s] with [this Court's] consideration or disposition of [this] case as to seriously

16  impair [its] flexibility and authority to decide [the] case." *In re Cisco Sys., Inc. Sec. Litig.*, No. C 01-

17  20418 JW, 2002 U.S. Dist. LEXIS 27953, at *9 (N.D. Cal. Jan. 30, 2002).

18

19      Defendants have not carried their burden here. Their motion should, therefore, be denied.

20  **IV.    ARGUMENT**

21      **A.    The Filing of the Notice of Appeal in the *Greenberg* Action Divested
22          This Court of Jurisdiction over This Matter**

23      At the outset, this Court lacks jurisdiction to decide Defendants' motion. It is black letter law

24  that the filing of a notice of appeal divests a federal district court of jurisdiction over those aspects of

25  the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

26  (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers

27  jurisdiction on the court of appeals and divests the district court of its control over those aspects of

28

1   the case involved in the appeal."); *accord Doe v. S.E.C.*, No. MC 11-80209 CRB, 2012 U.S. Dist.

2   LEXIS 2850, at \*3 (N.D. Cal. Jan. 10, 2012) (Breyer, J, presiding) ("[A] party's filing of a notice of

3   appeal generally divests the district court of jurisdiction over the matter being appealed.").

4           On February 9, 2017, this Court dismissed the *Greenberg* Action with prejudice, entered

5   judgment, and directed the Clerk of Court to close the file.  *See* Dkt. Nos. 79-80.  On March 10,

6   2017, the *Greenberg* plaintiffs filed a notice of appeal.  *See* Dkt. No. 81.  The entire case is now on

7   appeal.  The issues that the Court decided on the motion to dismiss are intertwined with the issues

8   that the Court would have to weigh in deciding the instant motion, *i.e.*, the scope of the claims in the

9   *Greenberg* Action vis-à-vis the State Court Actions, and the likelihood that the *Greenberg* plaintiffs

10   will succeed on the merits of their appeal such that there is a realistic risk of circumvention.

11           Further, the entry of judgment divested this Court of jurisdiction to decide discovery-related

12   matters.  As this Court has found, "[t]here does not appear to be any support for the idea that after a

13   district court has entered its judgment . . . and thus disposed of the case, that the rules governing

14   ***discovery*** would still apply . . .  [i]n fact, the weight of authority is to the contrary."  *Doe*, 2012 U.S.

15   Dist. LEXIS 2850, at \*3.  It is unsurprising, then, that Defendants cite zero cases in which a district

16   court took up a motion to stay discovery in a state court case ***after*** the federal case had been

17   dismissed, the file had been closed and the matter was up on appeal.

18           Defendants suggest that this Court has jurisdiction to hear their motion pursuant to Federal

19   Rule of Appellate Procedure ("FRAP") 8.  Dkt. No. 83 at vii, 8 n.9.  But FRAP 8 is an ***appellate***

20   rule, and it merely tells us which court hears a motion first; it does not independently confer

21   jurisdiction.  FRPA 8(a)(1)(A) pertains to a stay of a judgment or order ***in the action on appeal***, not

22   a different action.  And Defendants cite no cases for the proposition that FRAP 8(a)(1)(C) confers

23   jurisdiction on a district court to issue a discovery stay in another action pending in state court.

Defendants' cases do not hold differently.  *See* Dkt. No. 83 at 8 n.9.  For example, *Natural Res. Def. Council v. Southwest Marine, Inc.*, 242 F.3d 1163 (9th Cir. 2001), involved the modification of an existing injunction issued by the district court in the case on appeal, not a stay of a different case pending in state court.  *See id.* at 1166.  There, the Ninth Circuit reiterated the principle that, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *Id.* (citing *Griggs*, 459 U.S. at 58).  The court noted that an exception to this rule is that the "district court retains jurisdiction during the pendency of an appeal to act to *preserve the status quo*."  *Id.*  That is not what Defendants seek here, however.  Far from it, Defendants ask this Court to *upend* the status quo by issuing an indefinite stay of discovery overriding the jurisdiction of the state court in a different case.

In *Stein v. Wood*, 127 F.3d 1187 (9th Cir. 1997), the Ninth Circuit reiterated the general rule that a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal.  *See id.* at 1189.  It found an exception, however, for "deciding whether a condition placed on a habeas petitioner's custody has been met."  *Id.* at 1190.  This narrow exception has no bearing on whether this Court retained jurisdiction to stay discovery in a civil state court action.

And *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411 (9th Cir. 1990), is no more helpful to Defendants' cause.  *Britton* involved a *pro se* appeal from a denial of a motion to compel arbitration, which appellant argued divested the district court of jurisdiction to enter a default judgment for his refusal to comply with the court's discovery orders.  *See id.* at 1408-10.  Besides the unique facts of that case, it is readily distinguishable because the Ninth Circuit emphasized there that, "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal."  *Id.* at 1411.  The Ninth Circuit reasoned that, "[s]ince the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB          - 8 -

1   proceed with the case on the merits." *Id.* at 1412.  Here, in contrast, this Court dismissed the entire

2   *Greenberg* Action with prejudice, and the entire case is now up on appeal.

3       As there is no basis for exercising jurisdiction, the Court should deny the motion.

4   **B.    Defendants Seek an End Run Around this Court's Remand Order**

5       At its core, Defendants' motion seeks an end run around this Court's decision to remand the

6   State Court Actions.  It is well established, however, that "[u]nder the Securities Act's statutory

7   framework . . . state and federal courts exercise concurrent jurisdiction over Securities Act claims,"

8   and "§77v(a) [of the Securities Act] preserves a plaintiff's choice of forum."  *Fraser v. Wuebbels*,

9   No. 15-CV-06326-BLF, 2016 WL 827373, at *5 (N.D. Cal. Mar. 3, 2016).  That is precisely why

10  this Court rejected Defendants' attempt to remove the State Court Actions and remanded them to

11  San Mateo Superior Court.  *See Pytel* Dkt. No. 27.  In its remand order, this Court reasoned: "Courts

12  in this district have uniformly concluded and exhaustively explained that the Securities Act prohibits

13  removal of the specific claims at issue here."  *Id.* at 2.  The Court added, "Defendants have offered

14  no new or convincing arguments indicating that these cases granting remand – cases which 'appear[]

15  to be emerging as the dominant view around the country'– were wrongly decided."  *Id.* at 3.  Since

16  the Court remanded their cases last July, the State-Court Plaintiffs have been diligently prosecuting

17  their claims before Judge Weiner.

18      On November 28, 2016, Defendants filed their motion to dismiss in the *Greenberg* Action

19  but did not simultaneously move this Court for a stay of discovery in the State Court Actions, as

20  their brethren have done in similar cases.  *Compare* Dkt. No. 60, *with Brown*, 2012 U.S. Dist.

21  LEXIS 47019 (denying motion to dismiss and motion to stay discovery in state court action).  This

22  Court gave no indication in its *Greenberg* dismissal order that it would have granted a stay had

23  Defendants asked.  To the contrary, the Court noted *sua sponte* in its dismissal order that "[t]he

24  parties have not asked the Court to **stay these proceedings** under the <u>Colorado River</u> doctrine and, in

1    light of the Court's view of the case, it sees no reason to do so." Dkt. No. 79 at 6 n.7. In other

2    words, the only possible stay that was contemplated by anyone was a possible stay of the *Greenberg*

3    Action in favor of the State Court Actions, not the other way around.

4        It would be a cruel irony if the Court remanded the State-Court Plaintiffs last July only to

5    upend Judge Weiner's jurisdiction months later by staying the actions indefinitely awaiting a

6

7    resolution of an appeal in a different case. In any event, a stay is not proper, as explained below.

8    **C.    Defendants Have Not Carried Their Burden to Show a Stay Is**
     **Necessary in Aid of This Court's Jurisdiction or to Protect or**

9    **Effectuate Its Judgments in the *Greenberg* Action**

10       Even if this Court retained jurisdiction to decide Defendants' motion, it should be denied

11   because Defendants have not demonstrated that a stay is necessary in aid of the Court's jurisdiction

12   or to protect its judgment in the *Greenberg* Action. *See Cisco*, 2002 U.S. Dist. LEXIS 27953, at *8.

13       In *Cisco*, Judge Ware denied a similar motion to stay under SLUSA, reasoning:

14

15       The Ninth Circuit examined similar language in construing § 2283 of the
         Anti-Injunction Act. The Anti-Injunction Act states that: "A court of the United

16       States may not grant an injunction to stay proceedings in a State court except as
         expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction,
         or to protect or effectuate its judgments." The Ninth Circuit interpreted this as

17       meaning those instances where "some federal injunctive relief may be necessary to
         prevent a state court from so interfering with a federal court's consideration or

18       disposition of a case as to seriously impair the federal court's flexibility and authority
         to decide that case." In applying the Anti-Injunction Act, the Supreme Court

19       cautioned that, "[A]ny doubts as to the propriety of a federal injunction against state
         court proceedings should be resolved in favor of permitting the state courts to

20       proceed in an orderly fashion to finally determine the controversy." . . . The Court
         finds the above interpretation of the Anti-Injunction Act instructive, and adopts it for

21       the purposes of construing SLUSA as well.

22                              *       *       *

23       Having reviewed the submissions of all of the Parties, however, the Court
         finds that Defendants have failed to make a sufficient showing to warrant the

24       imposition of a stay of discovery in the State Court Derivative Actions. . . .
         Defendants have presented scant evidence that permitting discovery to proceed in the

25       State Court Derivative Actions would *so interfere with this Court's ability to*
         *consider or adjudicate the Present Securities Class Action, that the Court's*

26       *flexibility and authority to decide the present dispute would be seriously impaired*.
         The plain language of the statute clearly states that this Court may stay discovery

27       proceedings before the State Court, only as necessary in aid of its jurisdiction.
         Accordingly, Defendants, as the moving party, possess the burden of showing that

28       such a stay is, in fact, necessary. In this case, however, Defendants have failed to

make such a showing. The Court is unconvinced by Defendants' arguments as to the propriety of this stay.  The mere existence of a parallel state court derivative action, based upon the same factual allegations as the relevant federal securities class action, on its own, is not sufficient to justify the imposition of a stay as provided for in § 78u-4(b)(3)(D) of SLUSA.

*Id.* at *9-*12 (relying on *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998)).

Here, Defendants' motion is even less compelling than the one Judge Ware rejected in *Cisco* for one simple reason – *Greenberg* has **already** been considered and adjudicated.  In the past tense.  Unsurprisingly, Defendants lack even scant evidence that continuing discovery in the State Court Actions would so interfere with this Court's ability to consider or adjudicate the *Greenberg* Action that its flexibility and authority to decide that dismissed case would be seriously impaired.  To their credit, Defendants do not even try to argue anything of the sort.  Instead, they complain about potentially duplicative discovery that may materialize in the future.  *See, e.g.*, Dkt. No. 83 at 10.  But concerns about possible future contingencies does meet the high-bar of demonstrating **present-tense necessity.**  Moreover, as explained below, Defendants fail to demonstrate that the factors analyzed by courts in deciding motions to stay warrant a stay of discovery in the State Court Actions here.

### 1.   Defendants Have Not Demonstrated a Realistic Risk of Circumvention in the Dismissed *Greenberg* Action

First, Defendants have not shown any risk of circumvention in the dismissed *Greenberg* Action.  Federal courts have declined to stay discovery in state court actions where there is no "reason to believe that discovery in the state court case will be shared with the [federal] plaintiffs." *Brown*, 2012 U.S. Dist. LEXIS 47019, at *31.  Moreover, courts have found no such reason exists where the named plaintiffs are different, and "there are separate attorneys representing each set of plaintiffs in the respective actions." *Gilead Scis.*, 2004 U.S. Dist. LEXIS 27309, at *10.  Finally, courts are persuaded that any risk is minimized where, as here, is a protective order is in place.  *Id*.

Here, it is dispositive that the *Greenberg* Action has been dismissed with prejudice; the closing of the case means there is no realistic risk of circumvention.  The filing of a notice of appeal

does not signal otherwise:  In the Ninth Circuit, "[f]ewer than **9 percent** of total appeals in 2015 resulted in reversals of lower courts."   http://www.uscourts.gov/news/2016/12/20/just-facts-us-courts-appeals (last visited on April 4, 2017).  Even if the federal plaintiffs beat these long odds against the vigorous opposition of Defendants, it will not be anytime soon:  A trip up to the Ninth Circuit and back can take nearly three years.  *See* http://www.ca9.uscourts.gov/content/faq.php (last visited on April 4, 2017).  Even Defendants admitted in their recent reply filed in the State Court Actions that "it is likely that the Ninth Circuit will affirm."  Ex. 9 at 11.  Because everyone agrees that this Court's dismissal is unlikely to get reversed, another amended complaint in the *Greenberg* Action is unlikely.  As such, the risk of circumvention is also unlikely.

Defendants rely on *In re DOT Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150 (S.D. Cal. 2008), but that case is readily distinguishable.  In *DOT Hill*, the court reasoned that the state court plaintiff had first filed in federal court, and only after his application for lead plaintiff was denied in federal court, did he later file in state court.  *See* 594 F. Supp. 2d at 1165-66.  In contrast here, none of the State-Court Plaintiffs has been named as a plaintiff in the federal *Greenberg* Action.  And in neither *DOT Hill* nor any of Defendants' other cited cases had the court already decided the motion to dismiss with prejudice, closed the case, and a notice of appeal had been filed.[3]

---

[3]    *See Newby v. Enron Corp.*, 338 F.3d 467, 470 (5th Cir. 2003) (in sprawling *Enron* litigation involving massive discovery, a stay was issued pending a ***ruling*** on defendants' motion to dismiss); *Good v. De Lange*, No. 11cv2826 JAH (BGS), 2011 U.S. Dist. LEXIS 149412, at \*11-\*12 (S.D. Cal. Dec. 29, 2011) (defendants had not yet filed motions to dismiss); *Moomjy v. HQ Sustainable Mar. Indus.*, No. C11-0726RSL, 2011 U.S. Dist. LEXIS 102434 (W.D. Wash. Sept. 12, 2011) (defendants had not yet filed motions to dismiss; state court plaintiffs intended to seek injunctive relief in public hearing and had not offered any compromises to limit discovery); *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1181 (C.D. Cal. 2008) (staying ***federal*** action in favor of state court actions); *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866, 875 (S.D. Ohio 2005) (citing imminent trial date in state action, among other factors); *Schwartz v. TXU Corp.*, 3:02-CV-2243-K, 2004 U.S. Dist. LEXIS 14782 (N.D. Tex. July 30, 2004) (federal court had not yet ruled on motion to dismiss); *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 950 (S.D. Ohio 2003) (counsel represented both federal and state court plaintiffs and admitted "that he anticipated sharing discovery obtained in that state court proceeding with the other counsel representing Plaintiffs in these consolidated actions"); *In re Crompton Corp. Sec. Litig.*, No. 3:03-CV-1293 (EBB), 2005 WL 3797695, at 2-3 (D. Conn. July 28, 2003) (counsel for federal plaintiffs was also counsel for state court plaintiff); *In re Adelphia Communs. Corp.*, 293 B.R. 337, 356 (Bankr. S.D.N.Y. 2003)

Further, in the *Brown* case, Judge Morrow declined to follow *DOT Hill* (and out-of-Circuit *Cardinal Health*), reasoning that it is defendants' "burden to demonstrate that a stay is warranted . . . and its claim that some form of discovery . . . is likely to reach the Federal Plaintiffs before this Court decides any dismissal motions is simply speculation."  2012 U.S. Dist. LEXIS 47019, at *25. The court in *Brown* found that, "[a]bsent evidence that there is a relationship or coordination between the plaintiffs in the state and federal actions, the mere fact that Newton and Pick are members of the putative federal class does not demonstrate a likelihood that discovery in the state court cases will be provided to the plaintiffs in this action." *Id.* at *26.  *Brown* thus declined to stay discovery in the state court action.

Like *Brown*, the predicate facts do not justify such a stay here.  The proper focus of the Court's inquiry is whether the plaintiffs in the dismissed *Greenberg* Action are likely to evade the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay – ***not*** whether the State-Court Plaintiffs are entitled to pursue discovery in their State Court Actions.  The SLUSA stay provision is not intended to punish State-Court Plaintiffs for exercising their right to bring claims in the forum of their choice. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. 02-1335-B,  2003 WL 23830479, at *3 (D.N.H. Jan. 29, 2003).

Moreover, Judge Weiner has now entered a protective order in the State Court Actions forbidding the sharing of any confidential or highly-confidential information produced or exchanged in the State Court Actions or the use of such information for any purpose other than those actions. *See* Ex. 4 at 15 (CMO#7 & Protective Order).  As in other cases, the protective order is "sufficient in preventing . . . circumvention of the PSLRA." *Gilead Scis.*, 2004 U.S. Dist. LEXIS 27309, at *15.[4]

---

(providing additional reason that §105(a) of Bankruptcy Code permitted stay of discovery in state court actions).

[4]   *See also Regions Morgan Keegan*, 2010 WL 596444, at *4 (noting defendants had "failed to explain why a properly drafted [protective] order would not prevent disclosure"); *Paul v. China Mediaexpress Holdings, Inc.*, No. 6570-VCP, 2012 WL 28818, at *9 (Del. Ch. Jan. 5, 2012)

1   Defendants have not come forward with any evidence showing coordination between or

2   among the federal and State-Court Plaintiffs, such that discovery from the State Court Actions is

3   likely to end up in the hands of the federal plaintiffs, even in the statistically-unlikely event they get

4   another opportunity to amend their complaint years down the line.  *See Brown*, 2012 U.S. Dist.

5   LEXIS 47019, at *23-*24.  Defendants' speculation does not outweigh the State-Court Plaintiffs'

6   legitimate interest in timely prosecuting their claims in their chosen forum.

7

8   **2.      Defendants Have Not Substantiated Their Claim of Burden as
        to the Discovery in the State Court Actions**

9

10   Second, Defendants have not demonstrated that the discovery in the State Court Actions is

11   unduly burdensome.  Defendants assert that the discovery in the State Court Actions poses an

12   "Undue and Potentially Unnecessary Burden."  *See* Stay Motion at 9 (emphasis omitted).  But, as

13   courts have observed, "it has long been clear that a party claiming that discovery imposes an undue

14   burden must allege specific facts which indicate the nature and extent of the burden, usually by

15   affidavit or other reliable evidence."  *Sullivan v. Personalized Media Communs., LLC*, No. 16-mc-

16   80183-MEJ, 2016 U.S. Dist. LEXIS 129090, at *9 (N.D. Cal. Sept. 21, 2016).  Defendants have not

17   proffered any affidavit or other reliable evidence to substantiate their claim of undue burden here.

18

19   Whereas Defendants subscribe to the view that all discovery requests are an impermissible

20   burden in this context, "[u]nless the task of producing or answering is . . . undue or extraordinary,"

21   Defendants must "bear that burden."  *Jenkins v. Pech*, No. 8:14CV41, 2015 WL 728305, at *3 (D.

22   Neb. Feb. 19, 2015); *see also Gilead Scis.*, 2004 U.S. Dist. LEXIS, at *7 (noting SLUSA relieves

23   defendants only of an "***unreasonable*** burden" and finding no such burden would be imposed by

24

25   (shareholder seeking to inspect company's books and records "agreed to sign a confidentiality
agreement that would restrict him from sharing information with" plaintiffs in federal action,

26   lessening risk that the federal plaintiffs would obtain access to discovery); *City of Austin Police Ret.
Sys. v. ITT Educ. Servs.*, No. 1:04CV0380-DFH-TAB, 2005 WL 280345, at *7 (S.D. Ind. Feb. 2,

27   2005) (declining to stay state court action where state plaintiff and his counsel had "made it clear
that they [were] willing to enter into a confidentiality agreement and to refrain from sharing"

28   information with the federal plaintiffs).

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB                      - 14 -

allowing state court discovery to proceed).  Defendants' generic claims of burden are insufficient to carry the day.  *See Herring v. Clark*, No. 1:05-CV-00079-LJO-SMS-PC, 2011 WL 2433672, at *9 (E.D. Cal. June 14, 2011) (noting the need for objecting party to "offer[] evidence revealing the nature of the burden"); *Brown*, 2012 U.S. Dist. LEXIS 47019, at *29-*30 (in absence of "details" from defendant, the court "cannot speculate how burdensome the discovery will be").

Moreover, the State-Court Plaintiffs have met and conferred with Defendants about the scope of discovery and made several good-faith proposals to address their concerns.  *See, e.g.*, Ex. 3 at 4-5 (3/30/17 Letter to Judge Weiner).  In some instances, Defendants accepted these proposals, and at least one Defendants has begun to produce documents.  These facts distinguish this case from others in which the court found that the nature of the discovery in the state court action weighed in favor of a stay.  *Cf. Moomjy*, 2011 U.S. Dist. LEXIS 102434 at *8 (finding undue burden where "plaintiffs ha[d] not offered any proposal for limiting" the scope of their discovery requests).

Finally, Judge Weiner is playing an active role in policing the discovery in the State Court Actions.  With respect to the State-Court Plaintiffs' RFPs, the court recently considered the parties' arguments and sustained some of Defendants' objections and overruling others.  *See* Ex. 4 at 3-4 (CMO#7 & Protective Order).  The parties are still in the process of meeting and conferring and will return to Judge Weiner's courtroom for another discovery conference later this month.  *See id.*; *see Regions Morgan Keegan*, 2010 WL 596444, at *5 (finding "the potential for a negotiated agreement to reduce the discovery burden" weighed against staying discovery in state action).  If, after the parties meet and confer further, Defendants continue to believe that the State-Court Plaintiffs' discovery requests pose an undue burden or are otherwise objectionable, Defendants can take it up with Judge Weiner based on the California provisions they cite in their moving papers.  *See* Stay Motion at 11 (citing, *inter alia*, California C.C.P. provisions for protective orders in state court).

This factor weighs against a discovery stay in the State Court Actions.

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB                    - 15 -

1

2

> ### 3. Any Overlap in the State Court Actions and *Greenberg* Action Does Not Alone Justify a Stay

3

4

Third, the overlap in the two actions alone does not justify an indefinite stay of discovery in

the State Court Actions.  Courts find that, even where there is an overlap of issues in the federal and

5

state actions, confidentiality agreements are "sufficient in preventing . . . circumvention of the

6

PSLRA."  *Gilead Scis.*, 2004 U.S. Dist. LEXIS 27309, at *15; *see also, e.g.*, *Regions Morgan*

7

*Keegan*, 2010 WL 596444, at *4 (denying stay as protective order prevented risk of circumvention);

8

*Paul*, 2012 WL 28818, at *9 (same); *Brown*, 2012 U.S. Dist. LEXIS, at *3-*4 (same); *City of Austin*

9

*Police*, 2005 WL 280345, at *7 (denying stay where state-court counsel was "willing to enter into a

10

confidentiality agreement and to refrain from sharing . . . any information obtained").

11

12

The question is not simply whether there is an overlap of the federal and state actions, nor

13

could it be, due to the concurrent jurisdiction that federal and state courts have over the claims.  *See,*

14

*e.g.*, *Pytel* Dkt. No. 27 at 2-3.  Rather, the Court's inquiry focuses on whether the overlap means

15

"discovery in the state action will adversely affect a court's ability to decide a federal securities

16

action."  *Gilead Scis.*, 2004 U.S. Dist. LEXIS 27309, at *14; *see also City of Austin Police*, 2005

17

WL 280345, at *6 ("[i]t is not at all unusual for securities fraud and related shareholders derivative

18

cases to proceed along parallel tracks, without interfering with one another").  As explained above,

19

20

this action has already been dismissed with prejudice so there can be no such interference.  §IV.C.

21

In any event, it is incorrect to say that the dismissed *Greenberg* Action and the State Court

22

Actions are identical.  The State-Court Plaintiffs also allege, for example, that Defendants made false

23

or misleading statements about Sunrun's customer service, consumer perception, and brand

24

reputation.  *See* ¶¶46, 56, 57(e).[5]  As the State-Court Plaintiffs allege, contrary to Defendants'

25

glowing descriptions, Sunrun's "business was materially suffering from negative perceptions" by

26

consumers due to questionable sales tactics, poor customer service, service and maintenance delays,

27

28

---

[5]  All "¶_"references are to the FAC, filed in the State Court Actions on April 4, 2017.  *See* Ex. 1.

1   hidden fees, and unilateral contract changes.  *See, e.g.*, *id.* at ¶46.  None of these allegations was part

2   of the *Greenberg* Action.  Moreover, the State-Court Plaintiffs and their counsel are not the same as

3   in the *Greenberg* Action, and the Venture Capital Defendants are named in the State Court Actions,

4   whereas they were not party to the dismissed *Greenberg* Action.

5           There is no just reason for the State-Court Plaintiffs to await the resolution of a years-long

6   appeal in the *Greenberg* Action, in the unlikely event that the Ninth Circuit reverses this Court's

7   dismissal order, and the *Greenberg* plaintiffs end up amending their complaint again years in the

8   future.  Just as this Court rejected Defendants' SLUSA arguments in remanding the State-Court

9   Plaintiffs' cases to state court, it should reject Defendants' attempt to upend the state court's

10  concurrent jurisdiction through this back door.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1255635_2

SPECIALLY-APPEARING STATE-COURT PLAINTIFFS' OPP TO MOT TO STAY DISCOVERY IN
IN SAN MATEO COUNTY SUPERIOR COURT ACTIONS - 3:16-cv-2480-CRB                                    - 17 -

1    **V.    CONCLUSION**

2        For these reasons, the State-Court Plaintiffs respectfully ask the Court to deny Defendants'

3    motion to stay discovery in their State Court Actions.

4    DATED: April 14, 2017                          Respectfully submitted,

5
                                                    ROBBINS GELLER RUDMAN
6                                                     & DOWD LLP
                                                    JAMES I. JACONETTE
7                                                   RACHEL L. JENSEN

8

9                                                          s/ Rachel L. Jensen
10                                                       RACHEL L. JENSEN

11                                                  655 West Broadway, Suite 1900
                                                    San Diego, CA  92101-8498
12                                                  Telephone:  619/231-1058
                                                    619/231-7423 (fax)
13
     DATED: April 14, 2017                          COTCHETT, PITRE & MCCARTHY, LLP
14                                                  MARK C. MOLUMPHY
                                                    ALEXANDRA P. SUMMER
15

16

17                                                        s/ Alexandra P. Summer
                                                       ALEXANDRA P. SUMMER
18
                                                    San Francisco Airport Office Center
19                                                  840 Malcolm Road, Suite 200
                                                    Burlingame, CA 94010
20                                                  Telephone: 650/697-6000
                                                    650/697-0577 (fax)
21
                                                    Co-Lead Counsel and Liaison Counsel for the
22                                                  State-Court Plaintiffs

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 14, 2017.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:rjensen@rgrdlaw.com

DECLARATION OF SERVICE BY MAIL

# Mailing Information for a Case 3:16-cv-02480-CRB Greenberg v. Sunrun Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Shannon L Hopkins**
  shopkins@zlk.com

- **James Ian Jaconette**
  jamesj@rgrdlaw.com,e_file_sd@rgrdlaw.com,rachelj@rgrdlaw.com,tjohnson@rgrdlaw.com

- **John T Jasnoch**
  jjasnoch@scott-scott.com,rmcgraw@scott-scott.com,efile@scott-scott.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Louis C. Ludwig**
  lcludwig@pomlaw.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Patrick David Robbins**
  probbins@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,rcheatham@shearman.com,manattyoffice@shearman.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Joshua B. Silverman**
  jbsilverman@pomlaw.com

- **Su-Han Wang**
  SWang@mofo.com,gerri-martinez-2359@ecf.pacerpro.com,GMARTINEZ@MOFO.COM,su-han-wang-2043@ecf.pacerpro.com

- **Robert L Webb**
  rwebb@mofo.com,tarmaz@mofo.com

- **Anna Erickson White**
  awhite@mofo.com,avickery@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`