IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLE LEE GREENBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN INC., et al.,<br><br>Defendants. | Case No. 3:16-cv-2480-CRB<br><br>**ORDER DENYING MOTION TO STAY STATE-COURT DISCOVERY** |

After earning the dismissal of this securities class action with prejudice, Defendant Sunrun, Inc. ("Sunrun") moves to stay discovery in a parallel state court action.[1] Plaintiffs there have specially appeared here to oppose. See Opp'n (dkt. 88) at 1.

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), "all discovery" in a securities class action filed in federal court "shall be stayed during the pendency of any motion to dismiss," except under certain circumstances. 15 U.S.C. § 77z-1(b)(1). This automatic stay provision prevents plaintiffs from, among other things, exploiting federal-court discovery to force settlement. See SG Cowen Sec. Corp. v. U.S. Dist. Ct., 189 F.3d 909, 911 (9th Cir. 1999). And to prevent them from using state-court discovery to circumvent the automatic stay, the Securities Litigation Uniform Standards Act

---

[1] The Court remanded that case to San Mateo Superior Court last July. See Remand Order, Pytel v. Sunrun et al., case no. 16-2566 (dkt. 27) at 1. It concerns many of the same alleged violations of the Securities Act of 1933 on behalf of the very same class. Compare CAC (dkt. 56) ¶¶ 1, 81–8, with State Court CAC (dkt. 88–3) ¶¶ 1, 34–35. What is more, two law firms involved there sought to serve as co-lead counsel here. See Mot. to Appoint Lead Plaintiff & Lead Counsel (dkts. 31 & 35).

of 1998 (the "SLUSA") allows a federal court to "stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this subsection."[2] 15 U.S.C. § 77z-1(b)(4). The problem for Sunrun is that this action is no longer "subject to a stay of discovery pursuant" to the PSLRA; the case has been dismissed and judgment entered. See Order on MTD (dkt. 79) at 14; Judgment (dkt. 80). So although the Court has subject-matter jurisdiction to hear Sunrun's motion,[3] it lacks the statutory authority to grant the requested relief.

Sunrun's own cases confirm this understanding. Not one of them contemplated—let alone imposed—a stay of state-court discovery after the district court had entered judgment. See, e.g., In re Dot Hill Systems Corp. Sec. Lit., 594 F. Supp. 2d 1150, 1168 (S.D. Cal. 2008) ("The stay shall remain in effect until the Court denies a future motion to dismiss . . . or grants the motion to dismiss with prejudice."); In re DPL Inc., Sec.␣Lit., 247 F. Supp. 2d 946, 951 (S.D. Ohio 2003) ("Th[e] stay will remain in effect until the Court has ruled upon a to-be-filed motion seeking dismissal of the Plaintiffs' federal securities claims."); Moomjy v. HQ Sustainable Mar. Indus., Inc., 2011 WL 4048792, at *3 (W.D. Wash. Sept. 12, 2011) ("[T]he Court grants defendants' motion to stay discovery in the state court action . . . until after this Court has ruled on defendants' anticipated motions to dismiss."); accord Newby v. Enron Corp., 338 F.3d 467, 476 n.4 (5th Cir. 2003) (praising district court's restraint in "barring discovery in the state case only pending decision on the" motion to dismiss).

---

[2] State courts themselves often issue protective orders to prevent such circumvention, which somewhat obviates the need for a stay of state-court discovery. See In re Gilead Sciences Sec. Lit., 2004 WL 3712008, at *3 (N.D. Cal. Nov. 22, 2004). The state court here has done just that. See generally State-Court Protective Order (dkt. 88–5).

[3] "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Mar. Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). But where, as here, a motion leaves "unchanged the core questions before" the Court of Appeals, the district court is not necessarily barred from considering it. Id. at 1167; see also Stein v. Wood, 12 F.3d 1187, 1190 (9th Cir. 1997) ("A district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal . . . or in aid of execution of a judgment that has not been superseded.").

Sunrun's requested relief is unprecedented in the most literal sense: it appears that no federal court has ever granted it. The Court therefore DENIES the instant motion without oral argument pursuant to Local Rule 7-1(b). Whatever the wisdom of staying discovery in state court pending appeal here, that decision rests with the state court.

**IT IS SO ORDERED.**

Dated: May 1, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE